## In re United Winnitzer Young Men's Benevolent Ass'n

*Marcu, Marcu & Marcu,* for exceptant; *Meyer Love,* contra.

ALESSANDRONI, J., October 20, 1932.—An application was made for a charter for a corporation of the first class to be known as the United Winnitzer Young Men's Benevolent Association. Objections to the granting of the charter were made by the Winnitzer Progressive Beneficial Association of Philadelphia. The master, after taking testimony, filed his report recommending that the charter be granted. Thirty-three exceptions to the findings of fact and conclusions of law in the master's report which raise several questions of law were filed of record by the exceptant.

Our examination of the record, the testimony produced and the master's report discloses that no copy of the proposed by-laws was ever introduced into the record or in the proceedings before the master, although numerous exceptions thereto were filed by the exceptant. No question was raised therein as to the lack of by-laws. It is firmly established that the constitution and by-laws of a beneficial association should be duly authenticated and accompany the charter for inspection by the court, in order to determine whether the proposed corporation is lawful and not injurious to the community: 1 Savidge on Penna. Corporations (2nd ed.), 67.

A further question was raised by the exceptant regarding an arbitration agreement which the master declined to consider. The reasons in support of his conclusion should be set forth.

And now, to wit, October 20, 1932, the report is referred back to the master for the purpose of accompanying it with a properly authenticated copy of the proposed by-laws of the applicants and to further consider the question of arbitration, the exceptions filed to be held in abeyance until the master has complied with this order.